IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

T.A., individually and as parent and
legal guardian of her minor children,
K.A., A.A., and J.B., whose identities
are withheld for the protection of minors,

        Plaintiff,

v.               CIVIL ACTION NO. 2:06-cv-00593

BRAXTON COUNTY BOARD OF
EDUCATION, a governmental entity; and
WEST VIRGINIA BOARD OF EDUCATION,
a governmental entity,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

  Pending before the court is the plaintiff's motion to remand the case to the Circuit Court of Kanawha County, West Virginia [Docket 7]. The case was filed originally in that court on June 27, 2006, but was removed by the defendants on July 28 [Docket 1]. The defendants removed the case pursuant to 28 U.S.C. § 1441(b) by alleging that the case could have been filed in this court based on federal question jurisdiction. The plaintiff, arguing its claims are based entirely on state law, now asks the court to remand the case. For the reasons explained herein, the motion to remand is **GRANTED**.

  An action may be removed to federal court if the court would have original jurisdiction over the case. 28 U.S.C. § 1441(b)(2000). In almost all cases where federal question jurisdiction exists, federal law creates the plaintiff's cause of action. *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986). As the defendants in this case point out, however, federal question jurisdiction

is not limited to cases where federal law creates the plaintiff's cause of action.  A federal question also exists when the plaintiff's demand depends on the resolution of substantial questions of federal law even though state law creates the cause of action.  *Ormet Corp. v. Ohio Power Co.*, 98 F.3d 799,806 (4th Cir. 1996)  (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).   Federal courts can obtain federal question jurisdiction if a plaintiff's state-law claims implicate significant federal issues.  *Grable & Sons Metal Prods., Inc. v. Dame Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).  The Supreme Court recently explained that this "doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Id.*

The defendants contend the court has subject matter jurisdiction over this matter because the plaintiff's complaint implicates significant issues of federal law, specifically the Head Start Act.  Both parties admit the Head Start Act does not create a private right of action.  The defendants argue that plaintiff's claims are simply an attempt to hold the board liable for breaching provisions of the Head Start Act and its regulations, and do not support any claim under state law.  Plaintiff argues her negligence claim is based on defendants' duties under West Virginia law to exercise reasonable care in the supervision and transportation of her children.   The court agrees with the plaintiff, and finds that resolution of this matter would not implicate significant federal interests, and would not require the court to interpret federal laws.

The Head Start Act directs the Secretary of Health and Human Services to issue regulations concerning the safe transport of children participating in Head Start programs. 42 U.S.C.A. § 9835(i).  The defendants argue that without these regulations the duties alleged to have been

breached would not have existed. Therefore, defendants contend, plaintiff's claims arise under federal law and trigger federal question jurisdiction. The plaintiff has asserted independent state law bases for the breaches of duty that do not rely on the violation of federal regulations. The plaintiff has cited several West Virginia cases establishing a duties to exercise reasonable care in the supervision and transportation of school-age children.

      The burden of establishing federal question jurisdiction is on the party seeking removal. *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994) . If federal jurisdiction is doubtful, remand is necessary. *Bazzilla v. Belva Coal Co.*, 939 F. Supp. 476, 477 (S.D. W. Va. 1996). In this case, the plaintiff asserts state-law claims for negligence and punitive damages. The defendants argue that the plaintiff's claims implicate significant federal issues. The court disagrees and finds that the essence of the plaintiff's claim is a state common law negligence claim. The plaintiff is entitled to the inference that her claim arises out of state negligence law rather than under a federal regulation that provides no private right of action. *See, e.g.*, *Doe v. Allied-Signal*, 985 F.2d 908, 911 (7th Cir. 1993) (courts should "interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum"). Therefore, since plaintiff's claim arises from state law, and defendants assert no other basis for jurisdiction, the proper forum is a state court rather than a federal court.

      To find that a state-law cause of action implicates significant federal issues, the federal interest at stake must be substantial. *Ormet Corp.*, 98 F.3d at 807. The mere presence of a federal issue in a state cause of action does not automatically confer federal jurisdiction. *Id.* Even if violation of the Head Start Act is an element of the state law claim, in this instance, it is insufficiently substantial to confer federal jurisdiction. *See Merrell Dow*, 478 U.S. at 814 (noting

that no free standing federal cause of action was available to the plaintiff and concluding that "the presence of a claimed violation of the statute as an element of the state law cause of action is insufficiently substantial to confer federal-question jurisdiction").  The plaintiff's complaint seeks recovery on a showing that the defendants' conduct was wrong under state law, which does not implicate important federal issues. The court cannot conclude that this case fall within that "small class of cases, where, even though the cause of action is not created by federal law, the case's resolution depends on resolution of a federal question sufficiently substantial to arise under federal law within the meaning of 28 U.S.C. § 1331." *Ormet*, 98 F.3d at 806.  Because the court would lack original federal question jurisdiction over this case, removal was improper.

Accordingly, the court **GRANTS** the pending motion and **REMANDS** the case to the Circuit Court of Kanawha County.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 30, 2006

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE